NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 11-3108
_____

UNITED STATES OF AMERICA

v.

MIRSAD KOLASINAC,
also known as MIKI,

Mirsad Kolasinac,
            *Appellant*

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-09-cr-00307-001)
District Judge:  Honorable Jose L. Linares

_____

Submitted Under Third Circuit LAR 34.1(a)
September 18, 2012

Before: SLOVITER, RENDELL, and HARDIMAN, Circuit Judges

(Filed: September 20, 2012)

_____

OPINION
_____

SLOVITER, *Circuit Judge*.

Mirsad Kolasinac appeals his 262 month sentence for possession with intent to distribute methamphetamine. He argues that the District Court committed procedural error by not properly considering his arguments for granting a variance from the guideline range. We will affirm.[1]

## I.

The Federal Bureau of Investigation, Immigration and Customs Enforcement, and the Bureau of Alcohol, Tobacco, Firearms and Explosives conducted a joint investigation into Balkan criminal enterprises. The investigation used undercover officers to infiltrate criminal activities, particularly the trafficking of drugs, weapons, and other contraband.

Mirsad Kolasinac is a naturalized United States citizen originally from Serbia. At the time of his arrest, he worked as the superintendent of an apartment building and operated a coffee shop in New Jersey. Kolasinac met two undercover agents during the investigation. At one meeting in June 2008, Kolasinac gave one of the undercover agents a gun and offered to assist in any type of "violent act" the recipient needed to have done. Pre-Sentence Report at 7. In July of the same year, Kolasinac and his cohort, Rasim Corhamzic, sold 5,100 pills of ecstasy to an undercover agent for $21,480. At the same meeting, Kolasinac paid the undercover agent $2,500 for contraband cigarettes. In August 2008, Kolasinac and Corhamzic again sold the undercover agent what they

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. This court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

believed was ecstasy and Oxycontin for $65,620.  Subsequent chemical analysis showed that some of the purported ecstasy pills in fact contained methamphetamine hydrochloride.  Corhamzic had smuggled the drugs into the United States from Canada by noncommercial airplane.

Kolasinac was indicted on five counts: (1) from January 2008 through March 14, 2009, conspiracy to distribute and to possess with intent to distribute controlled substances including methamphetamine and ecstasy; (2) from January 2008 through March 14, 2009, conspiracy to import controlled substances including methamphetamine and ecstasy from Canada to New Jersey; (3) possession with intent to distribute methamphetamine on July 14, 2008; (4) possession with intent to distribute methamphetamine from August 18-19, 2008; and (5) possession with intent to distribute ecstasy on July 14, 2008.  Kolasinac entered into a plea agreement and pled guilty to Count Four of the indictment.

Kolasinac's base offense level was determined to be 38.  Three separate two-level enhancements were applied for possessing a firearm during the offense, unlawfully importing a controlled substance on a noncommercial aircraft, and importing methamphetamine.  A three-level reduction was granted for acceptance of responsibility resulting in a total offense level of 41.

Kolasinac sought a variance based on his ignorance that the drugs were methamphetamine, his self-proclaimed minor role in the conspiracy, and the 18 U.S.C. § 3553(a) factors.  The District Court denied his requests.  It first noted that the non-

mandatory guideline range was properly calculated. It then stated that Kolasinac's offense was very serious and required deterrence regardless of his ignorance about the product. The District Court also noted that the nature and quantity of drugs and the nature and extent of the conspiracy required a serious sentence. It further stated that Kolasinac played more than a minor role in the transaction and conspiracy. While accepting that some of Kolasinac's statements at sentencing mitigated towards a sentence at the bottom of the range, the District Court ultimately declared that the facts of the case did not warrant a variance below the mandatory minimum.

The District Court subsequently sentenced Kolasinac to 324 months imprisonment, on the low end of his guideline range. However, after the two-level increase for importation of methamphetamine was found inapplicable, resulting in a lower guideline range of 262-327 months, Kolasinac's sentence was reduced to 262 months. Kolasinac appeals, claiming that the District Court committed procedural error by, inter alia, not meaningfully considering his request for a downward variance from the mandatory minimum based on his belief that some of the drugs were ecstasy rather than methamphetamine.

**II.**

We review the reasonableness of a sentence under an abuse of discretion standard. *See United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010). This is a two stage process. *See id.* First, we determine whether the district court committed any significant procedural error. *See id.* If the district court's procedures are sound, we next examine

4

the substantive reasonableness of the sentence. *See id.* We will affirm unless no reasonable sentencing court would impose the same sentence for the reasons provided by the district court. *See id.*

Procedural error occurs when the district court fails to calculate (or improperly calculates) the guideline range, treats the guideline range as mandatory, fails to consider the § 3553(a) factors, chooses a sentence based on clearly erroneous facts, or fails to adequately explain the sentence. *See id.* When determining a sentence, the record need only reflect that the district court meaningfully considered the § 3553(a) factors and any other arguably meritorious arguments raised by the defendant. *See United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007).

Section 3553(a) provides that when determining a sentence the court should consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities between similar defendants; and (7) the need to provide restitution to victims of the offense. 18 U.S.C § 3553(a). We have stated that meaningful consideration does not require a discussion and findings on each factor as long as it is clear that the relevant factors were taken into account. *See Cooper*, 437 F.3d at 329.

Moreover, the Supreme Court has held that when a matter is conceptually simple and the record makes clear the sentencing judge considered the evidence and arguments, a brief explanation of the reasons for the sentence is all the law requires. *See Rita v. United States*, 551 U.S. 338, 359 (2007).

In the case before us, the District Court's reasoning is sufficient to show that it meaningfully considered all relevant factors as well as the nonfrivolous arguments made by defendant before sentencing. Kolasinac's primary contention on appeal is that his ignorance that the drugs were methamphetamine should have resulted in a downward variance. The District Court rejected this argument, noting that there was no basis to rule that the defendant's ignorance should negate the fact that the pills turned out to contain methamphetamines, rather than ecstasy, and that methamphetamines are extremely dangerous to the public.

The District Court also rejected Kolasinac's argument that he played only a minor role in the conspiracy. It stated that in light of Kolasinac's participation in the transaction, his help negotiating, his knowledge of the transaction and smuggling operation, and the use of a non-commercial airplane to smuggle drugs, his participation was not minor. The District Court did recognize that some of Kolasinac's statements at the sentencing hearing warranted a sentence on the lower end of the guideline range but ultimately found that the facts of the case did not warrant a sentence below the guideline range. Although the District Court's discussion of Kolasinac's arguments was brief, it clearly considered those arguments.

## III.

Because the District Court did not commit procedural error when it sentenced

Kolasinac, we will affirm the judgment of sentence.